MUNN AND GRIFFIN *versus* LEWIS.

The "*County Court*," acting judicially, has no authority to take the acknowledgment of a deed of lands: and where the acknowledgment of a deed appeared to have been taken in *open Court*, and the entry thereof was transferred from the minutes to the back of the deed, by the clerk, it was held, that such acknowledgment was void.

The *Judge* or *Clerk* of the County Court have authority to take such acknowledgments; but they are independent ministerial acts, which the officer before whom made, must certify on the back of the deed.

LEWIS brought his action of trespass, to try title, against Munn and Griffin, in the Circuit Court of Madison. A portion of the testimony relied on by the plaintiff below, to perfect his title, was a deed of trust. The certificates on the back of the deed show-

ed, that at the August term, 1827, of the County Court of Madison, the said deed was produced in open Court, the execution thereof acknowledged, and the same ordered to be recorded, which order was transferred from the minutes of the Court, to the back of the deed, by the Clerk, who also certified its having been recorded.

The defendants below, objected to the reading of the deed to the jury, on the ground that it was not proved, acknowledged, and recorded, in pursuance of the statute. The Court overruled the objection, and a verdict and judgment were rendered for the defendant in error.

The plaintiffs in error took their bill of exceptions to the decision of the Court on this point, and assigned the same in this Court.

HOPKINS, for Plaintiffs in error—cited 1 *Peters' R.* 340, 341, 342—2 *Stew.* 490

CRAIGHEAD, *contra.*

By Mr. Justice HITCHCOCK.

This is an action of trespass, to try titles; brought by John H. Lewis against Mathias Munn and John Griffin, in the Circuit Court of Madison county, to recover possession of a lot of ground in the town of Huntsville, in said county.

The suit was tried at the October term, 1832, of said Court, and a verdict was had for the plaintiff, for the lot in question, and for one hundred and seventy eight dollars and eighty three cents, for damages; for which a judgment was rendered, and the case is brought here by writ of error.

At the trial of the cause below, the plaintiff, as part of his chain of title, offered in evidence a deed of trust,

for the land in question, dated the 27th of August, 1827, purporting to be executed by Munn to James Penn as trustee, to secure one John Tayloe in the sum of six hundred and twenty-five dollars, which he was indebted to him. On the back of the deed, the following certificates appeared : " State of Alabama, County Court of Madison County, August term 1827. A deed of trust from Mathias Munn to James Penn, for the benefit of John Tayloe, dated 22d August, 1827, for certain purposes, and property therein specified, was this day produced in open Court, and the execution thereof being duly acknowleged by the parties thereto, the same is ordered to be recorded," &c.—" A copy from the minutes, Thomas Brandon, Clerk."— " The foregoing deed of trust was duly recorded in the office of the Clerk of the County Court of Madison county, the 29th of September, 1827—Thomas Brandon, Clerk." No other proof was offered, of the execution of the deed, than what appears from the above entries and certificate. The reading of this deed was objected to, by the defendants below, but the objection was overruled, and the deed was admitted as evidence, and was read to the jury ; to which a bill of exceptions was taken, and which is assigned for error in this Court.

By various statutes which have been enacted from time to time, in this state, from 1803 to 1823, Judges of the Circuit Court, Justices of the County Courts, Clerks of the Circuit and County Courts, Notaries Public, and two Justices of the Peace, are respectively authorised to take the acknowledgments of the parties, relinquishments of dower', and proof by subscribing witnesses to deeds and conveyances of lands, tenements and hereditaments, lying within this state ; and certificates of acknowledgment or proofs, written upon or under said deeds and conveyances, and *signed*

MUNN AND GRIFFIN *vs.* LEWIS.

by the person before whom it was made, shall entitle said deed to be read in evidence in any court of this state, in the same manner as if the same were then and there produced and proved.[a] $^{a}$ Aik. Dig. 88, 89 & 90.

By the second section of the act to prevent frauds and fraudulent conveyances,[b] it is declared, "that if $^{b}$ Aik. Dig. 207 any conveyance be of goods or chattels, and be *not on consideration, deemed valuable in the law,* it shall be taken to be fraudulent within this act, unless the same be by will duly proved and recorded. *If the same deed include lands, also in such manner as conveyances of lands are by law, directed to be acknowledged and proved;* or if it be of goods and chattels only, then acknowledged or proved by one or more witnesses in the Superior Court or *County* Court, wherein one of the parties lives, within twelve months after the execution thereof." And by the third section of the act, it is declared, that "this act shall not extend to any estate or interest in any lands, goods or chattels, or any rents-common, or profit out of the same, which shall be upon *good consideration,* and *bona fide,* lawfully conveyed, or assured, to any person or persons, bodies politic or corporate."

These are all the statutes we have, relating to the acknowledgment and proof of deeds, in this state. The term *good consideration,* referred to in the third section of the last recited act, has been uniformly held to be synonimous with the term *valuable consideration;* and as the provisions of the second section, authorising the acknowledgment of deeds before the *County Court,* is confined to *deeds of goods and chattels* only, and requires them, when they include lands also, though upon consideration not *deemed valuable in the law,* to be acknowledged or proved, in such manner as conveyances of land are by law directed, it follows, necessarily, that no deed of any kind,

where lands are conveyed, can be acknowledged before the *County Court*. It must be done before one of the persons designated above, and a certificate on or under the deed signed by him, must accompany it, shewing that the requisites of the law have been complied with.

In this case, the acknowledgment was made before the County Court, in open Court, and the entry made on the minutes of the Court, and not on the deed. It does not purport to be the act of the clerk, and the Court as such, could not direct the clerk to make the entry, and the clerk, as such, had no right to transfer the entry to the back of the deed. It cannot, therefore, be regarded as the act of the clerk, for he may not have seen the parties when the acknowledgment was made. It cannot be regarded as the act of the Judge, as he did not sign it, and perhaps does not know that the entry has been transferred to the back of the deed. It is true, that both the Judge and the Clerk are authorised to take the acknowledgment of deeds : but, in the performance of the act, it is done in the exercise of a distinct, independent, and personal authority, upon the individual judgment and responsibility of the person before whom the acknowledgment is made, in which the officer acts ministerially, and not judicially ; and when the authority is exercised, and the certificate is made, the authority itself is exhausted, and the act becomes fixed, permanent, and unalterable : it goes with the deed wherever it goes, and is an indispensable pre-requisite to its being admitted to record. This is the view taken in a similar case, by the Supreme Court of the United States—*Elliott et al.* vs. *Peirsol et al.*[a]

[a] 1 Peters, 340.

The acts authorising the acknowledgment of deeds, though of great public convenience, are yet in derogation of the common law, taking away the right of a

personal examination of the party who made, and of the witnesses who saw the execution of the deed; and therefore, they must be strictly complied with.

Whether a certificate, such as this, is made and signed by a person authorised to take the acknowledgment of deeds, would be a sufficient compliance with the statute, in as much as it does not state that the party appeared and acknowledged that he " signed, sealed, and delivered" the instrument in question, but only, that the deed was produced, and " being duly acknowledged by the parties thereto," was, &c. is a question, though suggested in argument, not necessary to the decision of this cause, and therefore, no opinion is expressed.

The recording of the deed, and the certificate of the clerk of such record, on the deed, gives no validity to the act; and it being the opinion of the Court that the acknowledgment is void, it follows that there was error in the Circuit Court in admitting it as evidence : for which, the judgment must be reversed, and the cause remanded.