JAMES BENNETT, appellant, *v.* SOPHIA FARRAR *et al.*, appellees.

*Appeal from Jo Daviess.*

A bill in Chancery was filed to set aside a certificate of pre-emption granted by Commissioners appointed under the Act of Congress of July 2, 1836, pursuant to the provisions of the Act of February 5, 1829. A demurrer was interposed and sustained: *Held,* that the demurrer was properly sustained.

The decisions of the Register and Receiver of the land office, and of a Board of Commissioners to hear and determine pre-emption claims, are judicial determinations, and their certificates of allowance are final and conclusive upon the parties.

The remedy of a party aggrieved by the decision of a Board of Commissioners to hear and determine pre-emption claims, is, to bring his case before the Commissioner of the General Land Office, the Secretary of the Treasury, or the President, that the Patent may be withheld until he shall have made application to the Courts of Justice on the ground of fraud, or to Congress for relief.

BILL IN CHANCERY to set aside a pre-emption certificate, &c., filed by the appellant against the appellees, in the Jo Daviess Circuit Court. The cause came on to be heard before the Hon. Thomas C. Browne, at the November term 1845, upon a demurrer to the bill. The demurrer was sustained and the bill dismissed at the cost of the complainant.

A history of the case appears in the Opinion of the Court.

*C. S. Hempstead & E. B. Washburne, M. McConnell* and *J. B. Wells,* for the appellant.

The question which first arises, is, whether there be sufficient upon the face of the bill, admitted as it is by the demurrer to be true, to entitle the party to the relief asked for. By the demurrer, the defendant, Sophia Farrar, has admitted the allegations therein stated, and demands of the Court whether she shall be compelled to answer. The demurrer is a general one, and can only go to matters of substance apparent upon the face of the bill. Cooper's Eq. 110.

A demurrer can only be for objections apparent upon the face of the bill. Ib. 111.

Where an advantage has been gained by fraud or otherwise. 1 Cooper's Eq. 129.

Equity looks upon that as done which ought to be done. 1 Story's Eq. Jur. 78; Ib. 420.

A sale by private entry of a tract of land on which a settler had a pre-emption right, was held illegal and void. *Isaacs* v. *Steel*, 3 Scam. 97.

The Commissioners appointed by the Government did not possess judicial powers. The Supreme Court in *Kinney* v. *The People*, 3 Scam. 357, 360, have decided that the Commissioners of the Board of Public Works, sitting under our statute, did not possess judicial powers.

As to the powers of Government Commissioners, see *Comegys* v. *Vasse*, 1 Peters, 193.

A pre-emption obtained by fraud will be set aside in a Court of Law. *Isaacs* v. *Steel*, 3 Scam. 113.

*J. J. Hardin & D. A. Smith*, for the appellees.

I. The bill is defective in substance, because

1. Complainant, relying on title under a judicial proceeding, must bring the whole title so clearly before Court that it can be manifest from the bill. This is not done in this case.

2. The proceedings for partition by petition are under the Statute of 1833. This proceeding is only in cases where the land belongs in *fee simple* to the petitioner. In this case, the bill shows the title to be in the Government.

3. A sale of land under such a proceeding where the title remains in the Government, would confer no title on Bennett, and he could not make himself the *legal representative* of Connelly or Farrar. *Hatfield* v. *Wallace*, 7 Missouri, 112.

4. Bennett never had possession of the lot, and could not be entitled to a pre-emption.

5. It is not averred that Bennett ever paid the $900 for the lot, and the truth is, that he never did. The presumption of law is, therefore, in accordance with the fact.

The bill shows that there was a contest before the Commissioners, whether Bennett was or was not the agent of the County Commissioners to purchase the lot for them; and further, that the Commissioner decided in favor of the County Commissioners' Court and against Bennett.

Now, even supposing the Commissioners were only acting as arbitrators, they having decided in favor of the County Court, Bennett cannot appeal in this way by bill.

Bennett, by purchase of the lot, did not thereby become the *legal representative* of the occupants. "Legal Representatives" are either heirs, executors or administrators. 2 Bouvier's Law Dic. Title *"Representative."* 3 Tom. Law Dic. do.

II.   The point on which defendant mainly relies as a bar to this or any other suit for the premises is this:

The Commissioners appointed by the President were authorized to decide the whole question of pre-emption, and hear the conflicting claims of parties to these pre-emption claims.   No appeal is authorized or provided for in the law from their decision.   It is, therefore, final and conclusive.

The decision of the Register and Receiver on the facts submitted to them, as to the rights of a person to pre-emption, is final and conclusive, and not even to be reversed by the superior officers of the Government.   2 Public Land Laws, 84–5, 92–3, 98, 140; *Wilcox* v. *Jackson*, 13 Peters, 511.

So the decision of Commissioners appointed by the President to decide on pre-emption claims is conclusive, and no appeal or review lies from their decision.   *Ross* v. *Doe, &c.* 1 Peters, 666–8.

The Court will presume every necessary fact has been proven before the Commissioners to substantiate the claim. Ibid.

The Opinion of the Court was delivered by

SCATES, J.*   A demurrer to the complainant's bill was sustained, and is the error assigned here.   The bill was filed to set aside a certificate of pre-emption granted to the county of Jo Daviess in 1838, by the Commissioners appointed under the Act of Congress of July 2, 1836, pursuant to the provisions of the Act of the 5th of February, 1829, for lot No. 52, in Galena; and also to compel Sophia Farrar, who had

---

* WILSON, C. J., did not sit in this case.

purchased of the county, to convey to him; also, for an account of the rents and profits, &c.

A short history of the case will show the equity insisted on in the bill. One John Connelly had resided on and improved the lot at a time to entitle him, his heirs or legal representatives to a pre-emption under the Act of 1829. On the 22d of May, 1829, Connelly had conveyed his interest in the lot to one Amos Farrar. On the 21st of May, 1829, Farrar made a deed of partition and settlement between himself, and one Russell Farnham and one George Davenport, by which he conveyed two undivided thirds of said lot to them. Amos Farrar died in 1831, leaving the defendant, Sophia, his widow, and an infant daughter, since deceased. Farnham also died, leaving an only son. In 1834, proceedings for partition of this lot, amongst other property, were instituted in the Jo Daviess Circuit Court, in which all those interested were parties. An order of sale was made, and Commissioners appointed, who sold the premises to complainant, Bennett, for $1000; of which $100 was paid in hand, and the balance secured by bond and security. Commissioners conveyed to him. Afterwards, in 1828, when the Board of Commissioners sat, under the Act of Congress, to hear and determine conflicting claims to, and grant certificates of pre-emption for lots in Galena, Bennett preferred his claim to a pre-emption for said lot, by virtue of the occupancy and improvement of said Connelly, and as his legal representative by virtue of the purchase of his title. The County Commissioners of Jo Daviess preferred a claim also, upon the ground that Bennett had purchased the same as the agent of the county. The Commissioners decided that the county was entitled to the pre-emption, granted them a certificate, and the land was accordingly entered by and patented to the county by the United States. The county then sold and conveyed to the other defendant, Sophia Farrar.

It is admitted by both parties that Connelly had so occupied the lot as to entitle him, his heirs or legal representatives to a pre-emption for the lot. But it is contended by the plaintiff, that the county is not entitled to a pre-emption

under the law, not being within the description of "person" in the statute; and further, because it is not, and cannot be, the "legal representative" of Connelly. So far as this last objection goes, it applies equally to the plaintiff, for any thing shown upon the bill. Bouvier includes, under the term "legal representative," "heirs, executors, administrators," &c., but not purchasers. 2 Bouvier's Law Dic. 357. As to the other branch of the objection, it is well answered by saying, that it was for the judicial determination of the Board of Commissioners to determine, and not a question for this Court. It has been decided that the decision of the Register and Receiver of a land office upon pre-emption claims is a judicial determination, and that no appeal or writ of error lies from it. 13 Peters, 511.

It is well settled, that the decisions of judicial tribunals, unreversed, upon matters within their jurisdiction, are final and conclusive between the parties. 1 Peters, 340. It has also been decided that a decision by a Board of Commissioners to hear and determine a claim, and a certificate of its allowance, is final and conclusive upon the parties; 1 do. 666–8; 2 Public Land Laws, 85, 93, 99, 140; though the Attorney General and the President have given their opinions, that the Patent ought to be withheld, if there were fraud, or other sufficient grounds, until application could be made to the Courts or to Congress for relief. See 2 Land Laws, 85, 92, 93.

The plaintiff's remedy, therefore, if he had any, against an unjust allowance of the pre-emption to the county, was to have presented his case before the Commissioner of the General Land Office, the Secretary of the Treasury or the President, to have the Patent withheld until he should have made application to the Courts of Justice, on the ground of fraud, or to Congress for relief. He has shown no such case upon the face of his bill, as would authorize this Court to interpose.

A further objection to the bill is, that he does not show that he ever paid the remainder of the purchase money for which he gave his bond in 1834, under the judicial sale. We are of

opinion, that the rights set up in the bill, by the plaintiff's own showing, are *res adjudicata*, and, therefore, there is no equity in the bill, and the demurrer was well sustained. The allegations of fraud are not sufficient to put the defendant to answer.

Decree affirmed with cost.

*Decree affirmed.*