## S. J. Hoggatt *v.* Martha A. Gibbs, Tutrix.

Buchanan, J. The testator, who lived in Mississippi, owned, besides his property in that State, a large real estate in Louisiana, worth $340,000. He bequeathed to his daughter, a married woman, $20,000, upon the express condition that she should renounce, within twelve months after his disease, all claims upon the property of his succession situated in Louisiana : failing in which, she should forfeit the legacy of $20,000. This sum was paid to her, and a deed of relinquishment executed by her in accordance with the requirements of the will. She received also the further sum of $25,000 from the property of the father's succession situated in Mississippi. *Held :* That the receipt of these sums did not amount to a valid ratification of the act of relinquishment of her claims upon the estate of her father situated in Louisiana ; that this deed of relinquishment was without effect, whether tested by the law of Mississippi or of this State. If the law of the former State is to govern, the deed would be void for want of the acknowledgment of the grantor, a married woman, apart from her husband, before a Judge or Justice of the Peace, that she signed, &c., without threats or compulsion of her husband. If the Mississippi statute, prescribing these formalities, be laid out of view, the general principle of the common law, which prevails in Mississippi, that a married woman being considered *sub potestate viri*, can, in general, do no act to bind her, would render this deed equally inoperative. 2. If the deed of relinquishment be judged by the law of Louisiana, it is equally void, as not having a lawful purpose. The testator left three children, who are his forced heirs, as to his real estate and slaves, situated in Louisiana, and the clause of his will requiring one of them to relinquish her lawful claim as heir to one-third of his Louisiana property, exceeding in amount to $100,000, on receiving $20,000 cash from his executors, under the penalty of being completely disinherited, was contrary to law, and, therefore, not a valid cause or consideration for the deed of relinquishment. The two sums of $20,000 and 25,000 must be viewed simply as so much received by her on account of her inheritance, and which she may be bound to collate.

Spofford, J., concurring. *Held :* That in so far as the deed of relinquishment affected property situated in Louisiana, its force and effect must be determined by the law of this State, but expressed no opinion upon the validity of the deed, under the law of Mississippi.

Merrick, C. J., also concurred in the opinion of Buchanan, J., but did not consider it clear that the deed of relinquishment should be considered as void ; and doubted whether this deed should be set aside without plaintiffs first tendering to the defendants the $45,000 which was received as its consideration out of the Mississippi estate, and which the testator had a right to withhold from his daughter.

APPEAL from the District Court of Madison, *Furrar,* J.
*G. Eustis* and *H. Gaither,* for plaintiff and appellant.   *C. Roselius* and *A. Snyder,* for defendant.

Buchanan, J.   The defence to this action consists of the following exceptions ; upon which the cause was dismissed in the District Court :

1st. That plaintiff is estopped from maintaining this action, because his mother, *Mrs. Agnes Williams,* through whom he claims, did, on the 22d of April, 1854, make a full ratification of her deceased father's will, and renounced all claim to the property mentioned in the petition.

2d. That plaintiff's mother received the legacy of twenty thousand dollars bequeathed by her father, and thereby ratified the will.

3d. That plaintiff's mother again ratified the will of her father by receiving, in accordance with the terms thereof, her proportion as residuary legatee, to wit, the sum of twenty-five thousand dollars.

4th. The plaintiff's action of rescission on account of lesion, is barred by the prescription of one year.

Upon the first of these exceptions the question arises, whether the form and effect of the deed of relinquishment and quit claim of the 22d of April, 1854, are to be governed by the law of Mississippi or of Louisiana.

The deed was made in Mississippi ; and it was intended to have effect both in Mississippi and in Louisiana—in Mississippi, because both the grantor and the grantees (the children of *Anthony Hoggatt*) resided in Mississippi ; and in Louisiana, because the thing conveyed or relinquished by the deed, was an interest in land, &c., in Louisiana.

If the law of Mississippi is to govern, the deed would be void for want of the acknowledgment of the grantor, a married woman, apart from her husband, before a Judge or Justice of the Peace, that she signed, sealed, and delivered the same as her voluntary act and deed, freely, without any threats or compulsion of her husband. See Hutchinson's Digest, page 608. And if it be objected that the Mississippi statute here quoted, refers by its terms only to lands lying and being in that State, yet it seems to be a general principle of the common law which prevails in Mississippi, that a married woman can, in general, do no act to bind her ; she is said to be *sub potestate viri*, and subject to his will and control. 1 Peters, 339. That law presumes a *feme covert* to act under the coercion of her husband, unless before a court of record, a Judge, or some commissioner in England, by a separate acknowledgment out of the presence of her husband ; and in these States, before some court or ju_dicial officer authorized to take and certify such acknowledgment. 12 Peters, 375.

And if the relinquishment and quit claim of the 22d of April, 1854, be judged by the law of Louisiana, it is equally void. For that law requires that every contract should have a lawful purpose or motive. Civil Code, Art. 1772. An obligation without a cause, or with an unlawful cause, can have no effect, C. C. 1887.

Now, the cause or motive of the contract in question is stated on its face to be, a provision or provisions in the last will of the late *Nathaniel Hoggatt*, the father of the grantor and the grandfather of the grantees, by which the said *Hoggatt* devised to the grantees, as surviving children of his son *Anthony*, his lands, slaves, &c., in Madison parish, Louisiana, which the record shows to be worth three hundred and forty thousand dollars, and to his daughter, *Mrs. Agnes Williams*, the grantor, a sum of twenty thousand dollars in cash ; and further, that if the said *Agnes Williams* should fail to make and deliver to said *Nathaniel's* executors, within one year after his decease, a deed relinquishing all her lawful claims to any share or portion of the property thus devised to the children of *Anthony*, then the devise in favor of said *Agnes* should enure to the testator's son *Anthony* and his lawful children.

*Nathaniel Hoggatt* left three children, *Anthony*, *Charlotte* and *Agnes*. Those three children were his forced heirs, as to his real estate and slaves, situated in the State of Louisiana. Civil Code, Art. 10. The clause of *Nathaniel Hoggatt's* will obliging *Agnes* to relinquish her lawful claim as heir, for one-third of his Louisiana property, which third exceeded one hundred thou-

sand dollars, upon receiving twenty thousand dollars cash, from his executors, under the penalty of forfeiting those twenty thousand dollars, and thus being completely disinherited, was contrary to law, and is, therefore, not a valid cause, motive, or consideration for the deed which is pleaded as an estoppel, in the first exception of the defendants. C. C. 1613, 1616, 1488, 1506.

The receipts, by plaintiff's mother, of the two sums of twenty thousand, and twenty-five thousand dollars respectively, which are pleaded by defendants in bar of this action, cannot have that effect, for reasons above given. They are to be viewed as so much received by *Mrs. Williams*, on account of her inheritance, and which the plaintiff may be bound to collate in the partition, that will take place between the parties. Indeed, so far as relates to the sum of twenty-five thousand dollars, paid to *Mrs. Williams* by the executors, as shown by her receipt, it was a distribution of property of *Nathaniel Hoggatt*, not devised in his will at all; in relation to which he consequently died intestate.

Upon the fourth exception, this action is not viewed by the court as one of rescission of a contract for lesion. C. C. 1855; see also Art. 1870.

It is, therefore, adjudged and decreed, that the judgment of the District Court be reversed; that the exceptions filed herein be overruled, and the cause remanded to be proceeded in according to law; and that defendant and appellee pay costs of appeal; the costs of the court below to abide the final judgment on the merits.

SPOFFORD, J. In so far as the act executed by *Mrs. Agnes Williams*, on the 22d of April, 1854, is to operate upon property situated in Louisiana, its form and effect is to be determined by the law of Louisiana alone. I, therefore, express no opinion upon the validity of that act under the law of Mississippi.

In all other respects, I concur in the opinion of Mr. Justice BUCHANAN.

MERRICK, C. J. It is with great hesitation that I yield to the decree in this case my concurrence.

As it respects this controversy, the effects left at the decease of *Nathaniel Hoggatt* must be considered as forming two successions. The one subject to the laws of his domicil in Mississippi, and composed of his lands and slaves in that State, and such movables as might be considered dependant upon that domicil; the other, his real estate and slaves in Louisiana, governed by the laws of the latter State.

Over the first, he had full power by the laws of Mississippi, to dispose by will, and could give all or a part to strangers or his children, as he should see fit.

The bequest of $20,000 and the residuary legacy of $25,000, must be considered as coming from the Mississippi succession. Conceding, therefore, that the will contains a *fidei commissum* prohibited by our law, I have doubts whether affairs had not arrived at that stage, at the time the authentic act was passed before the commissioner *Wood*, to admit of a valid ratification; and, further, whether the plaintiff can now be permitted to set aside the act without first tendering to defendant the $45,000 which his ancestor has received as its consideration out of the Mississippi estate, and which no law prevented *Nathaniel Hoggatt* from withholding from his daughter.

These doubts I surrender to the clearer considerations of my colleagues.