HEARD NOVEMBER TERM, 1877.

### *Ex parte* BOND.

A prisoner sentenced by a Circuit Judge to confinement in the Penitentiary cannot be discharged upon a writ of *habeas corpus*, unless the judgment is an absolute nullity either for want of jurisdiction or otherwise. If it be merely erroneous and voidable, the relief is by appeal and not by writ of *habeas corpus*.

A prisoner convicted of assault with intent to kill cannot lawfully be sentenced to confinement in the Penitentiary at hard labor, but such sentence is not void, but only voidable, and relief can be obtained by appeal only, and not by *habeas corpus*.

This was a petition to the Supreme Court for a writ of *habeas corpus*.

The case will sufficiently appear from the opinion of the Court.

*Monteith, Green,* for petitioner.

*The Solicitor,* contra.

December 21, 1877.   The opinion of the Court was delivered by

HASKELL, A. J.   The prisoner was tried at Columbia, Fall Term, 1875, and convicted of assault with intent to kill.   The presiding Judge thereupon sentenced him to confinement in the State Penitentiary, at hard labor, for four years, and the petitioner, under a writ of *habeas corpus*, now seeks a discharge upon the ground that the punishment imposed by the sentence is not authorized by law.   In the case of the *State* vs. *Hord*, (8 S. C., 84,) for assault with intent to kill, it has recently been decided, on appeal, (opinion by Moses, C. J.,) that the offense is not punishable by confinement in the State Penitentiary.   Does such error of law, in the judgment by virtue of which this prisoner is detained, render the judgment of the Court void?   If it does not, the prisoner cannot be discharged. Says Chief Justice Marshall: "An imprisonment under a judgment cannot be unlawful unless that judgment be an absolute nullity, and it is not a nullity if the Court has general jurisdiction of the subject, although it should be erroneous."—Ex parte *Watkins*, 3 Pet., 263.

A judgment may be voidable and yet not void.   When voidable, the remedy is by appeal,—" the only mode of reviewing a judgment or order in civil or criminal action."—Rev. Stat., 654, § 349.

When void, and it affects the liberty of a person, relief by *habeas corpus* may be had.   Upon that distinction all the cases rest; and although the distinction may sometimes be finely drawn and Judges

may differ as to the character of the particular process under which a prisoner is detained, they all concur in the principle above stated. If the Court has general jurisdiction of the subject an erroneous judgment is voidable. If the Court has not such jurisdiction its judgment is void. "Where a Court of record has jurisdiction of the subject matter and the party, its judgment, though erroneous, must stand until rescinded by the proper tribunal; * * * its order must avail until reversed in the mode 'provided by law, which, under our practice, is by appeal.'"—In re *Stokes*, 5 S. C., 71 ; Ex parte *Watkins*, 3 Pet., 206 ; *Elliott* vs. *Prescott*, 1 Pet., 340.

In *Brennan* and *Galen's* case it was submitted that the imprisonment was by virtue of a sentence contrary to law.

Lord Denman, C. J., said : "We think, however, the Court having competent jurisdiction to try and punish the offense, and the sentence being unreversed, we cannot assume that it is invalid or not warranted by law, or require the authority of the Court to pass the sentence to be set out by the gaoler upon the return. We are bound to assume, *prima facie*, that the unreversed sentence of a Court of competent jurisdiction is correct; otherwise, we should, in effect, be constituting ourselves a Court of appeal, without the power to reverse the judgment."—59 E. C. L., 492.

In *Bethell's* case "it was held, *per curiam*, that the commitment was naught, first, because it was not to the Sheriff, who is the legal and immediate officer to every Court of *oyer and terminer;* second, because the word *committitur* is necessary to the form of a legal commitment. Then the question was whether he could be discharged," and it was said : "Where a commitment was without a cause, a prisoner may be delivered by *habeas corpus;* but where there appears to be a good cause, and a defect only in the form of the commitment, as in this case, he ought not to be discharged." And as to the other matter, they said "that though the commitment ought in strictness be to the Sheriff, yet a jailer is a known officer in law, and his custody is the custody of the Sheriff to many purposes; therefore, let him bring his writ of error, for we will not discharge him on the *habeas corpus*."—1 Salk., 348.

The petitioner claims that his sentence should have been confinement in the County jail, and not in the Penitentiary. The same reasoning applies as in *Bethell's* case.

The cases *Rex* vs. *Ellis* (5 Barn. & Cres., 395,) and *Rex* vs. *Boarne* (7 Ad. & Ellis, 58,) were carried up by a writ of error,

and are not applicable. The other cases relied on were decided and the prisoners discharged either upon the ground that the Court had not originally jurisdiction of the case, or, as in the case Ex parte *Lange* (18 Wall., 163,) and the *Tweed* case, (60 N. Y., 559,) where the sentence had been passed and executed, and the Court passed a second sentence under the same verdict, on the ground that "the power of the Court was exhausted" and that its second sentence was null and void. It is unnecessary to consider the case of *De Hay*, (3 S. C., 564,) as the principle upon which this decision rests is not concluded by that case.

The motion to discharge the prisoner is refused.

*Willard,* C. J., and *McIver,* A. J., concurred.