FARMERS & MERCHANTS NATIONAL BANK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 5570.   Promulgated September 12, 1927.

1. An amount erroneously reported as income in 1919 is not allowable as a loss in 1920 when it is determined that it was not properly reported as income in 1920.

2. The unpaid balance of a promissory note for money borrowed was properly determined to be worthless and charged off within the taxable year, and was a proper deduction from gross income.

*H. L. Washington, Esq.*, for the petitioner.
*J. Arthur Adams, Esq.*, for the respondent.

This proceeding is for the redetermination of income and profits taxes for 1920 in the amount of $3,051.53. The deficiency arises

through the action of the Commissioner in disallowing a loss in the amount of $1,507.60 with respect to certain dormant accounts which the petitioner had erroneously included in income for 1919 and which it had charged off in 1920, and the disallowance as deductions of certain debts which the petitioner alleged were ascertained to be worthless and were charged off during the taxable year.

### FINDINGS OF FACT.

The petitioner is a corporation, having its office at El Dorado, Kans. It was engaged in the banking business. During the year 1919 it had on its books certain dormant accounts of depositors in the amount of $1,507.60. These accounts had been dormant for some years and during 1919 the petitioner closed them out and included the amount thereof in its taxable income. In 1920 the national bank examiner, upon examination of the books of the bank, required the bank to restore these accounts as they were in 1919 and to give the individuals credit therefor. This was done and the petitioner, in its return for 1920, claimed a deduction from its income on account of this transaction. The respondent disallowed the deduction.

In 1920 one C. C. Kruger was indebted to the petitioner in the amount of $8,350.84, represented by an unsecured promissory note. Kruger had been owing the bank for some time. The bank examiner insisted that this paper be charged off. During 1920 Kruger was called into the bank and an officer of the bank agreed with him to take 120 acres of land owned by Kruger and credit his account with the amount of $5,000. This land was not worth in excess of $5,000. The difference between that amount and the amount of the indebtedness, that is, $3,350.84, was charged off the books during the taxable year.

Kruger had no assets other than the land and the balance of the indebtedness was ascertained to be worthless in 1920.

During 1920 the Peters Oil & Gas Co., a corporation, was indebted to the petitioner in the amount of $3,990.96. This was the unpaid balance on a note for $10,000 which the petitioner had received prior to 1920. Credits had been made on the note, reducing it to the amount stated. During 1920 it was ascertained that the Peters Oil & Gas Co. had no assets except two oil leases. During 1920 the Peters Oil & Gas Co. assigned their leases to the bank.

One of these leases was an oil lease near Augusta and the other was near Gilroy in Williams County. Oil was being discovered near the Augusta lease in 1920, and wells had been drilled on both sides of it which were producing. Oil was being discovered within four miles of the tract on which the petitioner had a lease. Dry holes had been bored within half a mile of the other lease. The petitioner

paid $40 rental in 1921 on the lease near Augusta in order to prevent the lease from lapsing.

The amount of $3,909.90, being the unpaid balance of the $10,000 note, was charged off the books of the petitioner as a worthless debt before the close of the calendar year 1920.

## OPINION.

TRAMMELL: The petitioner erroneously included in its income the amount of $1,507.60 in 1919 and at the direction of the bank examiner restored the amount to its books in 1920. The fact that the amount was not, in fact, taxable income in 1919 and should not have been included in that year is not sufficient reason for charging the amount off as a loss in 1920. In order to entitle the petitioner to a deduction on account of a loss, the transaction must come within the provision of the statute relating to losses. The petitioner is not permitted by the statute to report income in one year and take a loss in another because it erroneously reported income in the prior year. In such a situation a taxpayer's only remedy is to adjust its prior year's return with respect to the income erroneously reported. If it can not do that on account of the running of the statute of limitations, that fact does not permit a loss to be taken with respect thereto in another year.

With respect to the Kruger indebtedness, it is clearly shown that Kruger had no assets in 1920 except the tract of land which he deeded to the petitioner as partial payment on his indebtedness. While the petitioner introduced some evidence to the effect that the land was not worth $5,000, which is the amount of credit allowed on the note, we are not convinced that its value was less than that amount. The difference between $5,000 and the principal of the note was ascertained to be a loss during 1920 and was charged off.

With respect to the amount of the indebtedness of the Peters Oil & Gas Co., it appears that the petitioner received during 1920, an assignment of two leases as security. The unpaid amount of the note was not ascertained to be worthless until the security was ascertained to be worthless. One of the leases was in territory where oil was being discovered and where there were producing oil wells. The petitioner paid rental on this lease during 1921 in order to prevent it lapsing and to keep it in effect. We are not convinced, from all the evidence, that this lease was ascertained to have no value during 1920 and for this reason it is our opinion that the unpaid balance on the Peters Oil & Gas Co. indebtedness was not ascertained to be worthless during the taxable year.

*Judgment will be entered on 15 days' notice, under Rule 50.*

Considered by MORRIS, SIEFKIN, and SMITH.