*60 OPINION.
TraMmell:
The petitioner erroneously included in its income the amount of $1,507.60 in 1919 and at the direction of the bank examiner restored the amount to its books in 1920. The fact that the amount was not, in fact, taxable income in 1919 and should not have been, included in that year is not sufficient reason for charging the amount off as a loss in 1920. In order to entitle the petitioner to a deduction on account of a loss, the transaction must come within the provision of the statute relating to losses. The petitioner is not permitted by the statute to report income in one year and take a loss in another because it erroneously reported income in the prior year. In such a situation a taxpayer’s only remedy is to adjust its prior year’s return with respect to the income erroneously reported. If it can not do that on account of the running of the statute of limitations, that fact does not permit a loss to be taken with respect thereto in another year.
With respect to the Kruger indebtedness, it is clearly shown that Kruger had no assets in 1920 except the tract of land which he deeded to the petitioner as partial payment on his indebtedness. While the petitioner introduced some evidence to the effect that the land was not worth $5,000, which is the amount of credit allowed on the note, we are not convinced that its value was less than that amount. The difference between $5,000 and the principal of the note was ascertained to be a loss during 1920 and was charged off.
With respect to the amount of the indebtedness of the Peters Oil & Gas Co., it appears that the petitioner received during 1920, an assignment of two leases as security. The unpaid amount of the note was not ascertained to be worthless until the security was ascertained to be worthless. One of the leases was in territory where oil was being discovered and where there were producing oil wells. The petitioner paid rental on this lease during 1921 in order to prevent it lapsing and to keep it in effect. We are not convinced, from all the evidence, that this lease was ascertained to have no value during 1920 and for this reason it is our opinion that the unpaid balance on the Peters Oil & Gas Co. indebtedness was not ascertained to be worthless during the taxable year.

Judgment will be entered on 15 days’ notice, under Rule 50.

Considered by Moeeis, Siefkin, and Skiti-i.