David W. Wallace v. Commissioner.
David W. Wallace v. Commissioner
Docket No. 21267.
United States Tax Court
1952 Tax Ct. Memo LEXIS 137; 11 T.C.M. (CCH) 759; T.C.M. (RIA) 52227; July 14, 1952
*137 Petitioner held not entitled to deduct in 1944, either as a loss allowable under section 23 (e) or a bad debt allowable under section 23 (k), Internal Revenue Code, the amount of a claim for alleged overpayment of income tax for 1929, merely upon a showing that he filed suit in 1933 in the United States District Court for the alleged overpayment, which suit was dismissed in 1937 for lack of prosecution and in 1941, upon motion filed in 1940, restored to the calendar, heard, and judgment rendered in his favor, and on appeal from such judgment to the United States Circuit Court of Appeals it was held that the District Court was wholly without jurisdiction to render such judgment, the decision on appeal becoming final in 1944. Virginia B. Wallace, *138 Esq., for the petitioner. Charles J. Hickey, Esq., for the respondent. BRUCE Memorandum Findings of Fact and Opinion BRUCE, Judge: Respondent has determined a deficiency in income tax for the calendar year 1944 in the sum of $1,503.53. This deficiency arises through the action of respondent in his disallowance of a deduction in the sum of $4,419.35 taken by petitioner on his return for that year as representing a loss or a bad debt in that amount. The item of $4,419.35 in question is the amount of a claim for refund made by petitioner as representing an overpayment of tax by him for the year 1929, it being contended by him that such claim for refund existed as a valid claim up until the taxable year, at which time it became uncollectible. The proceeding is submitted upon a stipulation of facts which we include herein by reference as our findings of fact. Briefly stated, the facts are: The petitioner is an individual residing in Philadelphia, Pennsylvania. His return for the period involved was filed with the collector of internal revenue for the 28th district of New York. On March 15, 1932, petitioner filed a claim for refund of income tax alleged to have been *139 overpaid for the taxable year 1929. This claim was rejected by respondent on October 18, 1932, and petitioner subsequently, in 1933, brought suit in the United States District Court for the Western District of New York for refund of the alleged overpayment stated to be in the sum of $4,419.35. On November 9, 1937, the aforementioned proceeding was called for trial and, there being no appearance on behalf of the plaintiff, the District Court, upon motion of the defendant, entered its order on May 13, 1938, dismissing the case for lack of prosecution. On November 4, 1940, petitioner's attorney filed a motion to restore the case to the calendar, and on February 14, 1941, the court entered an order setting aside its order of dismissal of May 13, 1938, and restoring the case to the calendar. The aforesaid proceeding in the District Court was heard on the merits on December 16 and 17, 1942, as a result of which the court sustained the petitioner and entered judgment for $4,419.35, together with interest thereon. This proceeding is reported as Wallace v. United States, 50 Fed. Supp. 178. From the aforesaid judgment the United States appealed to the Circuit Court of Appeals *140 for the Second Circuit. This appeal, decided February 17, 1944, is reported as Wallace v. United States, 142 Fed. (2d) 240. Certiorari was denied, 323 U.S. 712. The decision of the Circuit Court on this appeal was that the District Court was without jurisdiction to restore the proceeding to the calendar as its order vacating its prior order of dismissal for lack of prosecution was wholly unauthorized. The court held that since the order restoring the case to the calendar for hearing was without validity the trial court had nothing before it and its judgment on the merits was erroneous. It is petitioner's contention that not until the decision on appeal from the judgment rendered by the District Court did its claim for refund become uncollectible and, as such final decision was within the taxable year, he then, and not before, sustained a loss deductible under section 23 (e), Internal Revenue Code, or that a valid debt due him from the United States became uncollectible and consequently deductible under section 23 (k), Internal Revenue Code. [1]
*141 Tax deductions are a matter of legislative grace and a particular deduction will be allowed only when there is explicit provision in the statute for the deduction claimed. New Colonial Ice Co. v. Helvering, 292 U.S. 435; Farmers and Merchants National Bank, 8 B.T.A. 58. The petitioner has the burden of proof to show that the deduction he seeks is within the provisions of the Internal Revenue Code. Welch v. Helvering, 290 U.S. 111. To support his right to deduction petitioner must here establish by proof the primary facts that he did overpay his tax for 1929 in the amount claimed and that he filed a timely claim for refund which claim was denied. These facts are necessary to be established before we may consider petitioner's claim either that the loss based upon the alleged overpayment falls within the coverage of sections 23 (e) or 23 (k) of the Internal Revenue Code, or that such loss did not occur until the taxable year 1944. Milton Bradley Co. v. United States, 146 Fed. (2d) 541. These primary facts must be established by admissions in the pleadings, by evidence introduced before us, or by stipulation *142 of the parties. There was no evidence introduced by petitioner, the proceeding being submitted upon a stipulation of facts. The petitioner has alleged in his petition that he in fact overpaid his tax in the claimed amount. This allegation is denied by respondent's answer. The stipulation of facts upon which the case is submitted does not admit that there was an overpayment of tax but merely stipulates that suit for an alleged overpayment was brought in the United States District Court, and includes as an exhibit the transcript of the record on appeal of the decision of the District Court to the Circuit Court of Appeals, this transcript setting out the findings of fact and opinion by the District Court and the judgment it entered for the petitioner. This exhibit to the stipulation does not establish before us the fact of an overpayment unless we can accept the determination by the District Court as a final adjudication of the fact. This we can not do in view of the decision on appeal that the District Court had no jurisdiction to find such facts or to render such a judgment. It will be noted that the parties have not stipulated that the facts as found by the District Court, as shown *143 by the transcript made a part of the stipulation, may be considered as facts by us in this proceeding. It appears from petitioner's brief that his theory is that the action by the Circuit Court of Appeals was based merely on the question of jurisdiction of the District Court to hear and decide the case, and that as the Circuit Court did not review and disapprove the findings of fact of that court such facts are undisturbed and remain determined by the decision of the District Court, and consequently may be considered by us as established. We see no merit in this contention. The holding of the Circuit Court of Appeals was that since the order restoring the case to the calendar for hearing was unauthorized and lacked validity, "the trial court had nothing before it, and its judgment on the merits was erroneous." As the Supreme Court has often said: "Where a court has jurisdiction, it has a right to decide every question which occurs in the cause, and whether its decision be correct or otherwise, its judgment, until reversed, is regarded as binding in every other court. But if it act without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply *144 void." Elliott v. Piersol, 1 Pet. 328, 340; Wilcox v. Jackson, 13 Pet. 498, 511; Hickey v. Stewart, 3 How. 750, 761; Thompson v. Whitman, 18 Wall. 457, 467, In re Sawyer, 124 U.S. 200, 220. The basic question of fact that petitioner overpaid his tax in the claimed amount for 1929 not having been established, we may not find either a loss or a deductible bad debt as resulting from an overpayment in 1929. Decision will be entered for the respondent. Footnotes
1. Sec. 23 (e) Losses by Individuals. - In the case of an individual, losses sustained during the taxable year and not compensated for by insurance or otherwise - * * *
(2) if incurred in any transaction entered into for profit, though not connected with the trade or business; or * * *
Sec. 23 (k) Bad Debts. - * * *
(4) Non-business Debts. - In the case of a taxpayer, other than a corporation, if a nonbusiness debt becomes worthless within the taxable year, the loss resulting therefrom shall be considered a loss from the sale or exchange, during the taxable year, of a capital asset held for not more than 6 months. The term "nonbusiness debt" means a debt other than a debt evidenced by a security as defined in paragraph (3) and other than a debt the loss from the worthlessness of which is incurred in the taxpayer's trade or business. * * *↩