The opinion of the court was delivered by
Duncan, J.
The defendants here were plaintiffs below, and claimed as heirs at law of Wiley, the defendant below. The plaintiff here claimed under her. will or testamentary conveyance.
Mary Shaw was seized in fee of the premises, and in 1786, intermarried with Joseph Wiley, and in December, of the same year, after her marriage, Joseph Wiley, and his wife, by their indenture, did transfer, assign, and set over, and give up, unto Alger-non Roberts and others, all their goods, chatties, dues and demands, with all the real estate of the said Mary as devised by the last will and testamentofHannah Shaw, with theissuesand profits, (thisland to the said Algernon Roberts and others, their heirs, executors and administrators,) in trust, to apply the issues and profits thereof to the payment of Joseph Wiley's debts, with power to dispose of the personal property, and sue for and recover debts, the residue o'f the' said estate, both real and personal, to be and remain in the hands of the said assignees, solely in trust to and for the separate use of his said wife Mary Wiley, her heirs, and assigns, for ever.” There' is no separate acknowledgment of this deed by Mary Wiley, who in May, 1797, during the coverture, by an instrument of writing' called a last will and testament, devised the estate to' Passmore West, tinder whom the plaintiff in error claims. Joseph Wiley survived his wife, and the question raised is, is this disposition a valid one, passing the estate, or is it void on account of her coverture?
It is one of those plain questions on which it is impossible to raise a doubt. It is put for the plaintiff in error, by his counsel, on the only plausible grounds it could be; first, he contends, that this is only a power, which a feme covert may exercise; and secondly, that in this state a feme covert may make a will of her real estate.These points are so intimately connected, that it is difficult to keep Up a division in treating them, and I have, therefore, considered them in one connected view. The first assumes the very matter ini dispute, that her conveyance was an operative act. Now if there is one principle of law more fixed than anothér, it is this; that a married woman cannot, by any mode of conveyance, except by fine and recovery, (the separate examination of the wife with us being substituted for the fine,) in any way affect or charge her real estate, arid although it is true that our statute of wills does not recapitulate any of the common law disabilities, as coverture, infancy, ideocy, yet when the mode of alienation was authorized, these common law disabilities attached to the new mode of conveyance, so that whether the statute of 34 H. 8, extends to this state or not, the *447 (Visibility of the wife was not removed, for coverture is a civil disqualification at common law, arising from the want of free agency in the wife, as much as from the want of judgment in the ideot, and when the letter of the statute of 32 H. 8, empowered all and every person and persons to will and devise, the equity of the law corrected these general words, and restrained them to comprehend such persons as by the rules of law previous thereto, could alienate lands by other kinds of conveyance. Now by these rules coverture is a positive disqualification, and the statute of 34 H. 8, was but .explanatory, and to remove scruples, Powell’s Dev, 148.
An infant has the will but not the power. A feme covert has the power but not the will. There are two modes by which a married woman may convey her lands; by way of trust, or by way of power over a use. First by way of trust. As if a woman having a real estate before marriage, either before or after marriage, by a proper conveyance, (if after marriage it must be by fine or recovery,) conveys it in trust for herself during coverture, and afterwards that shall be in trust for such person or persons as she shall by a writing under her hand and seal, or in nature of a will, appoint, and in default of such appointment for her heirs, that will be a good declaration of trust and equity will support it. Or by -way of power over a use: as if a woman convey an estate to the use of herself for life, remainder to the use of such person as she shall by any writing, ¿¡'C. appoint, the execution of this power will be supported in chancery. For a feme covert can execute a power, Peacock v. Monk, 2 Vez. 191. But whether this could be done by an agreement without doing any thing to alter the nature of the estate, was doubted. It was doubted whether- a court of equity would carry into execution an agreement to the prejudice of the heir at law. But of late years, the doctrine of powers and trusts, has been extended, and in Wright v. Cadogan, 6 Br. Par. C. 156, it was decided, that a court of equity could compel the heir to make a conveyance to the party in whose favour such an agreement was made. This was very fully considered by this court in Barnes v. Heart, 1 Yeates, 221, who there determined that where a husband covenanted with his intended wife, before marriage, that she might dispose of her land by .will, that this should operate as a good appointment, and the heir at law be bound, without any legal estate being vested in trustees. It would beas tedious as itis unnecessary, to review all the cases on this subject. They are collected in the opinion of Chancellor Kent, in Bradish v. Gibbs, 7 John. Ch. 523. So that the law is well settled, that a common conveyance or agreement before marriage, with power .of appointment by will or otherwise, is good: but if after marriage it must be by acknowledgment according to the act of 24th February, 1770, establishing a mode by which husband and wife, may convey her estate. For pending the coverture, the i’eal property of a feme covert cannot be altered or affected by any act of herself and the husband, unless by this species of *448 assurance, Poto. Dev. 149, and the reason of this difference is evident. The agreement before marriage, is at atime when the wife is able to contract, and it appears to be the intent of the parties, that the wife should reserve to herself a power to dispose of her own lands during coverture. There the parties claiming under her have a right to the interposition of a court of equity, more especially as the wife might have compelled the husband to concur in a proper conveyance, and equity considers that done which the parties agreed to perform, and this will bind the heir. But it is not so where the agreement is after marriage; for there the wife is disabled from entering into any contract with regard to her real property, either to bind herself or heir, and the husband’s agreement can only be binding on himself to the extent of his interest in the estate. So that the heir cannot be converted into a trustee of the legal estate for the wife, which he takes by descent. 2 Roper Hus. S,Wife, 185, 249.. Hence it is clear, that the legal estate did not pass to the trustees by this conveyance which being without acknowledgment was a nullity. Then how the wife seized of an estate in fee, could have a jiower over his own estate distinct from the fee, I cannot well conceive. For power in law is defined to be “ an authority given to one person to be exercised over the estate of another.” No case is to be found where an authority to be exercised over the estate in fee simple of a donee, has been construed a power. The party taking the estate is always held to be in by the conveyance of the donor. While the wife held an absolute estate in fee, without condition and without restraint, she could not by any act be enabled to do that which the policy of the law disabled her from doing..
All powers which can be given must be part of the use of the fee simple, and that moment the use is exhausted, there can be no such thing as annexing some new use. So a devise to a feme co^ vert in fee, with power to dispose of the estate without controul of her husband, such power is void, as being inconsistent with the fee given her in the first instance, because a married woman cannot aliene without fine or the prescribed mode of assurance under the act. This can only be done while the estate is in trustees. For when a man gives a fee simple, he shall not be allowed to say, such fee simple shall not be exposed as well to all legal modes of alienation, as to all restraints the law lays on it. The wife’s estate remained just as it stood by the will of Hannah Shaw. Nil operatur; conveyance, or will, a feme covert cannot make. All the difficulty in Barnes v. Hart, would have been else most unmeaning. Certainly the counsel on neither side, nor the court ever imagined, that a feme covert could make a will of her lands. Chief Justice M'Kean and Mr. Justice Yeates, expressly declare she cannot, and I never, I confess, heard that a doubt had been entertained by any one on this subject, and to establish the existing right of a feme covert to make a will, would overset all the doctrine of the law *449 with relation to husband and wife. But if the case of the plaintiff in error reached that point, (which it never did,) that this conveyance had an operation, it does nothing more than declare, that af* ter payment of debts the residue of the estate should remain in the hands of the trustees, solely in trust to and for the separate use of the wife, her heirs and assigns for ever. What is the effect of such declaration of trust? Not to enable her to aliene without fine, for the deed of settlement and not the appointment is considered in equity as the deed of alienación, and when a feme sole contracts that the person to take by her settlement made in presentí, shall be nominated by a deed or writing, or by a will or other instrument in nature of a will, to be executed in futuro, the latter instrument does not take effect as a deed or instrument of alienation, made by her under the character of a feme sole, but merely as an appoint* ment of a person to take, pursuant to the form prescribed in the Original contract. Co. Lilt. Ill, 112. A wife may execute a naked power or authority, without her husband, when given before or after coverture, and then no words are used to dispense with the disability of coverture, and the rule is the same where both an authority and interest pass to the wife, if the authority is collateral to, and does not flow from the instrument, because there the two are unconnected, and as if they were vested in different persons* This point was settled by a resolution before the council which is cited in Peacock v. Monk, where the real estate of the wife was settled before marriage* secured to the wife’s separate use as if she were a feme sole, and it Was contended, that as to the trust of this estate, she was to be considered a feme sole in a court of equity, and it was compared to personal estate, the separate property of the wife, to which property it was incident, that she might make a will or appointment. But on the other side, it was said, that as to lands there were a difference; for that the husband could not give her power to make a will of lands, for that the heir at law Was concerned in not being disinterested but in such a way as she should be separately examined, and of this opinion was the Lord Chief Justice Win* les, who said, he had consulted the other judge's about it, and the will was held to be void, 2 Vez. 192, and so it is considered in Powell’s Dev. 155; and Roper in his law of husband and wife, 2d vol. 184, takes the distinction between réal and personal estate. “ With respect to rents and profits of real estate held by a wife to her separate use, she is entitled to dispose of it, as a feme sole; but in the following respect, there is a difference betv, een the two estates, for a limitation of real estates to the' wife in fee, to her sole and separate use, without expressing more*'will not enable her to dispose of it during their marriage otherwise, ¿han by fine or recovery: because no power being given her by the instrument, to make disposition of the property she can only do so by the and if she omit so’ to the heir take.” *450 Nor does the word assigns make any difference. There cannot be a more absolute estate, than to the man and his heirs; for this includes assigns.
The judgment is for these reasons affirmed.