Mr. Justice Clayton
delivered the opinion of-the court.
The complainant,. Mrs. James, before her marriage, conveyed all her estate, real and personal, to Bernard, as trustee, for her own sole and separate use, free from the control, contracts and debts of her intended husband, but with unlimited power of disposition over it, upon her part, either by deed or by will. Several years after the marriage, her husband being largely indebted to Fisk, and Bernard, the trustee, being bound with him as surety; an agreement was made, by which an indulgence of several years was granted to the husband, and Mrs. James became bound in the notes with him, and gave a mortgage upon all her estate to secure the payment. After the first note be *151 came due a bill was filed to foreclose the mortgage, and a decree entered to that effect upon a pro confesso against the present complainant. She subsequently filed this bill, in the nature of a bill of review, to enjoin this decree, and to set it aside upon the ground of fraud in obtaining it, and for the reason that she had not executed and acknowledged the mortgage in a way which could pass her right, and for other errors apparent upon the face of the decree.
The alleged ground of fraud in obtaining the decree is, that her husband concealed the extent and character of the mortgage, and when the process was served upon her kept her ignorant of the nature of the proceeding, and assured her that it was mere matter of form, and could in no manner affect her rights. If these facts were established, they would not be sufficient to set aside the decree, unless it was obtained by a combination between the other party and her husband, in fraud of her rights. Green v. Branton, 1 Dev. Eq. 500. The fraud of her husband could not avail to that end, without the participation of the other party. It would have been easy for her to have consulted her trustee, or to have taken the advice of counsel.
A wife may deal with her husband, or with her trustee, in regard to her separate estate, but in either case the transaction will be watched with jealousy. Clancy, 347, 855. There is in this case no evidence of undue influence, or improper conduct on the part of either. The naked facts of the case —the release of the trustee and the binding of her estate — cast a strong shade of suspicion over the transaction, but there is no proof in aid of it, and a decree cannot be made upon suspicion alone.
The power reserved to Mrs. James by the settlement is of the most unlimited extent. She is authorized “ to give, grant, sell, dispose of and convey her said estate, real and personal, as she shall in any manner think fit and proper. This case steers clear of the point, so often discussed, whether a married woman is as to her separate estate a feme sole, or whether she has no powers but those conferred upon her by the instrument under which she claims. See Morgan v. Elam, 4 Yerger, 375. *152 The power here expressly reserved is sufficient to support the mortgage, provided the forms prescribed for the acknowledgment of conveyances by femes covert have been complied with.
It is said in argument that they have.not been. The general rule no doubt is, that if the conveyance of a feme covert be not executed according to the forms prescribed by statute, it is not valid. Elliott v. Piersol, 1 Peters, 328; Hepburn v. Dubois, 12 Peters, 345; West v. West, 10 Serg. & Rawle, 445. The objection in this case is, that the acknowledgment of the deed and privy examination of the complainant, was not had before the proper officer. The first statute on this subject enacts “ That no estate of a feme covert in lands shall pass by her deed or conveyance, without a previous acknowledgment made by her, on a private examination, apart from her husband, before a judge of the supreme court, a justice of the county court, or justice of the péace.” How. & Hutch. 347, § 19. The only other statute necessary to be noticed, provides that, “Hereafter it shall be lawful to make proof or acknowledgment of deeds, before any judge of the high court of errors and appeals, judge of the circuit courts, judge of probate, notary public, or clerk of any court of record in this state, and such proof or acknowledgment shall entitle the same to record in the county where the land conveyed may lie.” Ib. 368, § 99. The privy examination in this case was taken and certified by the clerk of the probate court, and it is urged that, the act confers no such power on him. It is true that the latter get is not so explicit as to the powers and duties of the several officers referred to, as the first, yet we think its scope and object are sufficiently plain. The change in the constitution after the first act was passed, had put several of the officers therein enumerated, out of existence. Public convenience required that others should be substituted. The aim and intention'of the last law were to confer the authority on a greater number of officers, and to invest them with the same powers which were conferred by the first act. The two are to be construed together, and taken as parts of one whole, there being no inconsistency between them. The objection cannot prevail.
*153 The last ground of objection which will be considered, is, that there are errors apparent upon the face of the decree itself, for which it ought to be reviewed and reversed.
The original bill of Fisk set forth, that there were four promissory notes secured by the mortgage, due in four annual, equal instalments; and that one of the notes was due and unpaid. The decree recites the same facts. It then goes on to direct a sale of all the property conveyed by the mortgage, consisting of a tract of land and some forty slaves, on a credit of six months, and to decree out of the money first collected, payment of the note first due; and farther to decree that any balance beyond what will pay the amount due on the first note, shall be paid into court, and appropriated to the payment of the other notes as they become due.
This was clearly erroneous. The creditor had a right to foreclose only for the debt due at the time of the bill filed; he was therefore entitled to a decree of sale only to that extent; or for the amount due at the time of rendering the decree, if more became due in the interim. 1 Smith’s Ch. Pr. 530, notes.
The debtor might be able to pay the other instalments as they became due, and thus there might be no necessity to sell for the satisfaction of the other notes. The increase in value of the property might amount to more than the interest of the money bid at the sale, and the mortgagor ought not to be deprived of this advantage.
Can this error be corrected by bill of review? The first ordinance of Lord Chancellor Bacon, on which the whole doctrine of bills of review rests, directs “ that no decree shall be reversed, or altered, or explained, being once under the great seal, but upon bill of review: and no bill of review shall be admitted, except it contain either error in law, appearing in the body of the decree, without further examination of matters of fact, or some new matter,” &c. See also 3 How. 292, 377; and 10 Yerg. 44, 56. This is an error of that character. The decree directs an amount of property to *154 be sold, far beyond what is necessary to satisfy the debt due at the time. For this reason it must be reversed, and the cause remanded.
Mr. Justice Thacher having been of counsel, gave no opinion.