## WAGNER *v.* ELLIS.

The rule that a husband may, by consent, give validity to the wife's testament of personalty, equally extends to her will of realty when the husband is sole heir of the wife.

Hence, where by articles of separation the husband and wife conveyed the wife's land to trustees for her separate use, with power to her to devise by will, but the articles were not acknowledged by the wife, and the wife under the power made a will to which the husband being sole heir of the wife under the intestate laws filed a *caveat* which he subsequently withdrew, the will is operative to pass the wife's realty from the husband her heir.

CERTIFICATE from the Nisi Prius.

*March* 15. The plaintiffs in this ejectment were the devisees of George Wagner, who was the heir of his wife Mary, under the intestate law, she having died without issue or kindred. On the trial before HUSTON, J., it appeared that George Wagner and Mary were married in 1810. In 1812, they joined in articles of separation, reciting the existence of differences and their agreement to live apart, and conveying the land of the wife to trustees for her separate use, with power to the wife to sell, convey, or devise the land. The trustees also covenanted to indemnify the husband from

all claims for maintenance or debts of the wife. This deed was proved by the subscribing witness, but the wife was not separately examined.

In 1837, Mary Wagner made a will, devising the land in question "to other than the plaintiffs.". On the 26th June, 1837, George Wagner filed a *caveat* to the probate of this will, which he withdrew on the 28th on citation by the register.

It was admitted that the separation had been complete from the date of the articles, and that the covenants in them had been performed by all parties.

The question of the validity of the will having been reserved, his honour subsequently gave judgment for the defendants on that point.

*Wheeler*, for the plaintiffs.—The conveyance was an utter nullity as respects the estate of the wife for want of a separate examination, and the husband's grant and covenants being only effectual as to his estate, could not operate to give a power to the wife over the inheritance. This point has been solemnly settled in West *v.* West, 10 Serg. & Rawle, 445. His subsequent title as heir was in no way affected by that grant, since it is only what the grantor has at the time that can be made to pass by a conveyance : Litt. s. 446 ; Co. Litt. 265 a, n. 1 ; 11 Mod. 163 ; which doctrine is solemnly recognised in Girard *v.* The City, 4 Rawle, 336, Jones *v.* Roe, 3 Term Rep. 93 ; Yelverton *v.* Yelverton, Cro. Eliz. 401 ; Touch. 428.

*Read*, contrà.—The husband has covenanted for a valuable consideration to permit the operation of the will, and after his right as heir had accrued he confirmed it. West *v.* West went upon the ground that he could not affect the wife's heirs, nor could she but by an acknowledged deed. Here he is heir, and thus unites the only characters which can object. The principle is clearly developed in the rule which renders a wife's testament valid, if made with her husband's consent, and it is settled that his assent once given to the probate cannot be withdrawn : Maas *v.* Sheffield, 1 Rob. Ec. Rep. 364. The prior agreement is not essential, for by the separation a separate use is created of the subsequently acquired property of the wife : Starrett *v.* Wynn, 17 Serg. & Rawle, 130 ; Bouslaugh *v.* Bouslaugh, Id. 361 : Pierce *v.* Burnham, 4 Met. 303 ; Gregory *v.* Peirce, Id. 478. · These proceed upon the ground that the husband, being the only party interested, may and does thus agree that the wife may acquire property and have the power of disposition. It applies· equally to realty where the husband occu-

pies the same relative position: McWilliams v. Nisly, 2 Serg. & Rawle, 806; Hutton v. Hutton, 3 Barr, 100; Asay v. Hoover, 5 Barr, 21; Rogers v. Smith, 4 Barr, 93; McKennan v. Phillips, 6 Whart. 576; In re Wagner, 2 Ashm. 453.

*April* 12. ROGERS, J.—Marriage being an absolute gift to the husband of all the personal estate of the wife, he may dispose of it by will, or he may empower her to make a will, on the principle that he may waive the interest, if he chooses, which the law secures to her, by enabling her to dispose of it during coverture. His consent, as regards personal estate, may be given either after the wife's death or by prior-contract or assent. This principle, as applicable to personal property, is not and cannot be disputed, for it is recognised as law in all the elementary treatises from the earliest period; and the only dispute there ever has been is, whether the husband, having once given his consent, is permitted to revoke it at any time before probate; and that he has not the power would seem to be ruled in Maas v. Sheffield, 1 Rob. Ec. Rep. 364, where it was held that a husband having been a witness to his wife's will, and after her death having given his written consent to that will, is not at liberty to withdraw his consent. If this was a contest as to the personalty, as the husband by the deed, to which he at least was a legal party, gave his consent that she should make a will, and after her death agreed that the will offered for probate should be proven, it would be free from all difficulty. But while this principle is freely conceded, as regards the personal assets, it is denied as to the real estate. A married woman, (says Swinb. 88 and 142 of ed. 1803,) by the laws and statutes of this realm, (England,) cannot make her testament of any manors, lands, tenements, or hereditaments. And first, she cannot demise the same to her husband. The equity of which prohibition, (if I may be so bold, with the good favour of our temporal lawyers, to insert the reason and consideration of the civil law,) is not obscure; for if this gap were left open, few children would succeed in the mother's inheritance. But by how much the husband were more cruel and the wife more timorous—he crafty, she credulous— by so much the more were the lawful heir in danger to be disinherited, and the cruel and deceitful husband in hope to be unworthily enriched and advanced; wherefore, if the wife should demise any of her manors, lands, tenements, or hereditaments, or any part thereof to her husband, this demise were void, because the same is presumed to have been made by the constraint of the husband, or other sinister means. Secondly, although it did appear by due

2 M 2

proof that the husband did not constrain his wife thereto, but that she of her own accord or free motion did make any such devise, either to her husband or to any other person by his consent, yet is not the devise good, as well because the words of the statute are general, (and where the law doth not distinguish, there may we not distinguish,) as for divers other reasons, grounded in the common law of this realm.    There is, therefore, a difference between real and personal estate in this, for the husband may give her power to dispose of her personal estate, because by marriage he has the sole property in and power over it; but it is otherwise of lands of inheritance belonging to the wife, for he cannot give her such a power to make a will in prejudice of her heir-at-law.    The agreement in the latter case signifies nothing: Ambl. 627; George v.———, 2 Swinb. 145, in note; Brook v. Turner, 2 Mod. 170.    Now, although a *feme covert* may make a will of her real estate, through the medium of a power expressly given or reserved to her for that purpose, the will operating as an appointment, (2 Ves. 75; 3 Atk. 707; 6 Bro. Parl. Cas. 152; 2 Ves. jun. 216;) yet this case would be free from difficulty, on the authority of West v. West, 10 Serg. & Rawle, 445, which is nowise distinguishable from this case, except that this deed contains an express power to the wife to make a will.    But this is of no account, as in consequence of the wife not being examined separate and apart from her husband, the will would be inoperative and void; for, in the case cited, it is ruled that when a *feme covert* joins her husband in a deed of her real estate, but never separately acknowledges it, conveying the estate to trustees for the payment of the husband's debts and then in trust for her separate use, and afterwards being in a state of separation, the wife by an instrument, purporting to be her last will, disposes of the property and dies, the disposition is void.    This decision is conclusive as to the right of her heirs; but do these principles apply to the husband or to his heirs under the circumstances of the case ?    By the act of the 21st January, 1819, 7 Sm. 142, and the tenth section of the act of the 8th April, 1833, it is enacted, that in default of known heirs or kindred, the real estate of an intestate, being a married woman, is vested in her surviving husband for such estate as the intestate had in the premises.    By the operation of these acts, the real estate in controversy was vested in the husband as the statutory heir of the wife; it is then difficult to perceive, either in law or in the policy which governs the decisions in relation to her power to will, any reason for any distinction between her real and personal estate.    The reasons which govern  one apply with  equal force to the other ; for

he merely consents to waive his own rights, and consequently the rights of his heirs. Not a single argument which is urged against her power to disinherit her own heirs can be used against the exercise or right freely conceded to her by his own voluntary consent, as against himself and those claiming under him. The deed regularly executed by the husband contains an express consent that she shall dispose of her estate, real as well as personal, by will; and moreover it appears on the record that after her death he withdrew a *caveat* filed against the will, and agreed that it should be proven in due form, and it was accordingly so done. The will being admitted to probate disposes of the real as well as the personal estate, nor do I perceive any force in the idea that the husband intended his consent to apply to the disposal of the latter and not the former. We perceive no warrant for any such distinction as is attempted to be made between the two species of property. As, then, the husband is bound by his assent to the will, and could not dispute it, he and his heirs who claim through him are estopped also from denying its validity. It will be perceived that there is no intention to shake the authority of West *v.* West, but this is put upon its special circumstances, which, in the opinion of the court, constitutes an exception, so far as regards the rights of the husband and his heirs.

Judgment affirmed.