33  228
72  200

## EATON *v.* BADGER.

Proceedings against trustees of debtors, authorized by and dependent upon the provisions of a statute, must be strictly conformable thereto, or they will be erroneous, and may be reversed on error.

Where the principal defendant is not an inhabitant of this State, his property not attached on the writ, no personal service made upon him, and he does not appear and answer, and there is nothing in the hands of the trustees summoned in the suit, no judgment can lawfully be rendered against him, notwithstanding notice of the pendency of the suit may have been given by publication conformably to an order of court.

If judgment be rendered in such a case, it is void ; a mere nullity ; and may be impeached collaterally or otherwise, forming no bar to a recovery sought in opposition to it, nor any foundation for a title claimed under it.

The levy of an execution issued upon such a judgment, and all other proceedings under it, are void.

PETITION FOR PARTITION. Pleas, general issue, and sole seizin, with a traverse of petitioner's seizin, on which issue is joined.

The petitioner produces a record of this court, by which it appears that a judgment was recovered, March term, 1840, by Jacob B. Moore, of Concord, against Horatio Hill, of New-York, upon a book account. The suit was commenced by trustee process, dated March 20, 1838, against said Hill as principal defendant, and two trustees.

There was no attachment of said Hill's property, but the officer returns, March 24, 1838, that he has " summoned the within trustees, as within commanded, by reading this writ in their presence and hearing." No service was made on said Hill. The action was entered September term, 1838, and continued for notice in the New-Hampshire Statesman. The order having been complied with, at the March term, 1839, Hill was defaulted, and the action continued, from term to term, till March term, 1840, when the trustees were discharged and judgment was rendered against Hill. Hill never appeared or answered to said suit, and had no personal notice thereof. All of which appears by the record.

November 26, 1838, Moore assigned the account sued for in said writ to Eaton.

March 29, 1841, execution issued on this judgment. By the return thereon it appears that June 22, 1841, the appraisers duly set off one undivided third of the land described in the petition, " to the within named Jacob B. Moore, the creditor," &c., and on the same day the sheriff duly returns on said execution, that " in pursuance of the directions of Ephraim Eaton, attorney of the creditor within named," he has extended said execution upon said undivided third, &c., and has delivered possession and seizin thereof " to said Ephraim Eaton, attorney for the creditor within named," &c.

Below the return is the following acknowledgement, signed by Eaton:

" June 21, 1841. This may certify that I have this day received full seizin and possession of the above described lands, &c.

" EPHRAIM EATON, *Attorney for J. B. Moore.*"

The levy and return are in due form, and duly recorded.

Before and at the date of the petition, Badger was, and is now, in possession of the whole of said tract.

July 24, 1835, the title to one undivided third of said tract was in said Hill, the land having been conveyed to him, John Whipple and S. C. Badger, by Joseph Robinson; which is the only conveyance ever made by Robinson to them or Badger.

January 10, 1836, said Hill mortgaged to Upham land thus described: " One undivided half of a certain tract of land I bought of Joseph Robinson, situated in Concord, on the Dark Plains, so called; also, one undivided third part of a certain tract of land I purchased in ——, S. C. Badger and John Whipple, of Joseph Robinson."

By this deed Hill intended to mortgage to Upham his third part of the land described in this petition.   The mortgage was conditioned for the performance, by Horatio Hill, of the covenants of a certain bond, executed by said Horatio as principal, and Upham as surety, to Isaac Hill, in the penal sum of $30,000, and dated October 10, 1834.

March 29, 1841, Upham, claiming to be mortgagee by virtue of said mortgage, and having, on settlement, with Horatio Hill's assent, paid Isaac Hill $500, as surety for Horatio on said bond, quitclaimed to Isaac Hill all his right, title and interest in said one third of said land, to be applied by Isaac Hill in payment of Horatio's debt to him, for which Upham was surety ; to which Horatio Hill assented.

On the same day Isaac, for a valuable consideration, quitclaimed all his interest in the land to Whipple; and October 31, 1843, all of Whipple's interest in said land was duly conveyed to said Badger.

July 15, 1844, Upham, in due form, executed a power-of-attorney, constituting Badger his attorney, to enter and take possession of the lands in said mortgage conveyed, for breach of condition, and to foreclose and to hold possession thereof himself, or put in others, and to keep possession till the right in equity should be foreclosed.   Badger still holds said power-of-attorney, unrevoked.

Afterwards, on the 15th day of July, 1844, Badger duly entered on said land, for condition broken, to foreclose, and has remained in peaceable possession ever since, but has never completed the foreclosure by publication.

It is agreed, for the purposes of this statement, that the foregoing shall be taken to be the facts in the case ; and that judgment be rendered as the opinion of the Supreme Judicial Court shall be upon the foregoing case ; either party reserving the right to try any material facts or fact in the foregoing statement, or arising in the case, by the jury.

The pleadings and records herein mentioned may be referred to as a part of this case.

*H. A. & A. H. Bellows,* for the petitioner.

The record shows a personal service on the trustees, an order of notice to the principal, who was described as being out of the State ; a compliance with the order and judgment.

We say that the judgment, being rendered by a court in this State having general jurisdiction, is to be regarded as a valid judgment, unless reversed on error, and cannot be collaterally impeached. *Blanchard* v. *Goss,* 2 N. H. 491 ; *Gorrill* v. *Whittier,* 3 N. H. 265 ; *Whittier* v. *Wendell,* 7 N. H. 257 ; *Smith* v. *Knowlton,* 11 N. H. 191 ; *Morrison* v. *Woolson,* 3 Foster 11 ; *Moore* v. *Presley,* 5 Foster 299, 303 ; *Lamprey* v. *Nudd,* 9 Foster 299 ; *Cook* v. *Darling & Tr.,* 18 Pick. 393 ; directly in point, Com. Dig., Pleader, 3, L, 10 ; *Smith* v. *Keene,* 26 Maine 411.

And in this case, the judgment on its face appears to be regular, and does not show any want of jurisdiction.

Again : we say that Badger was in no situation to impeach this judgment in any form, having no interest in the land upon which the execution was extended.

As to the seizin delivered by the officer, we say that it enures to the benefit of Eaton, the assignee of the debt.

All the proceedings are in the name of Moore, and the estate vested in him in trust for Eaton, and the title is perfected in

Eaton by the statute of uses. The extent operates in this respect like a deed in trust. The land might have been set off either to Moore or Eaton. *Lyford* v. *Dunn*, 32 N. H. 81.

Nothing passed to S. C. Badger by the deed from Whipple, the mortgage debt not having been assigned. *Weeks* v. *Eaton*, 15 N. H. 145.

The mortgage from Horatio Hill to Upham is void for uncertainty; at least, there is no sufficient description of the land, and there is a *patent ambiguity*, which cannot be explained by parol evidence. *Weeks* v. *Eaton*, 15 N. H. 145; *Webster* v. *Atkinson*, 4 N. H. 21, 23; 3 Cow. Phil. Ev. 1360, 1361; Snyder on Vendors 181; *Mills* v. *Dennett*, 6 N. H. 109; *Liscomb* v. *Root*, 8 Pick. 376.

It is no answer to this petition that Upham holds an outstanding mortgage upon the land. If it were so, the land, nevertheless, passed by the extent, no attention having been paid to the mortgage in the extent; *Kelley* v. *Burnham*, 9 N. H. 20; and the assignee, Eaton, is entitled to partition. *Lyford* v. *Dunn*, 32 N. H. 81.

The entry by Badger, as attorney of Upham, has no effect upon the interest conveyed by Upham's previous quitclaim.

*W. H. Bartlett*, for the petitionee.

I.   1. Jurisdiction of the parties is essential to the validity of a judgment *in personam*. *Bloom* v. *Burdick*, 1 Hill 140; *Buckminster* v. *Corbin*, 1 Scam. 104; *Smith* v. *Rice*, 11 Mass. 513; *Bank* v. *Martin*, 9 S. & M. 621; *Denning* v. *Corwin*, 11 Wend. 652; *Borden* v. *Felch*, 15 Johns. 141.

And in general, courts have no jurisdiction over absent parties. *Picquet* v. *Swan*, 5 Mason 42; Story Conf. Laws, sec. 20, 539; 3 Burge Col. Laws 1016–19, cited in Story Conf. Laws, sec. 549, note; 1 Zabriskie 116; 9 Georgia 277; 7 S. & M. 384; 6 Barber 913; 11 Georgia 453; 7 Gill 415; 9 Howard 348.

Judgments against such parties are only valid where made so by statute. *Picquet* v. *Swan*, 5 Mason 47; Story Conf. L.

secs. 546, 549; 4 C. & H.'s Phil. Ev. 110, 111; *Lovejoy* v. *Albee*, 33 Maine 416; 5 Mason 44; 1 Barber 286; 8 Georgia 83.

Our courts have no jurisdiction except what is given by statute. *Elliot* v. *Piersol*, 1 Peters 341; *Mountfert* v. *Hall*, 4 Mass. 447; *Grignon's Lessee* v. *Astor*, 2 How. 338. But so far from providing for a judgment in a case like *Moore* v. *Hill*, the statute expressly forbade it. N. H. Laws, Ed. 1830, p. 500, sec. 5; 5 Mason 53; 20 Vt. 65; 33 Maine 547; *Sawyer* v. *Thompson*, 5 Foster 511.

There could have been no due service of process on Hill out of the State. 4 C. & H.'s Phil. Ev. 112; *Downer* v. *Shaw*, 2 Foster 281; *Ewer* v. *Coffin*, 1 Cush. 24.

Even on the ground that Hill had not been duly brought before the court, the judgment not having been confirmed by him is void. *State* v. *Richmond*, 6 Foster 241.

2. It is void because the statute expressly prohibits judgment in such a case. *State* v. *Richmond*, 6 Foster 239; *Downes* v. *Fuller*, 2 Met. 138; *Skinner* v. *Daniels*, 4 Vt. 418; *Hollingshead* v. *Barbour*, 4 Peters 467; *Robinson* v. *West*, 11 Barb. 309; 12 Dig. 386, 9.

It appearing on the face of the record that there was no jurisdiction, the judgment is void, and a mere nullity. *Bloom* v. *Berdick*, 1 Hill 148; *Wilcox* v. *Johnson*, 13 Peters 511; *Smith* v. *Knowlton*, 11 N. H. 191; *Morse* v. *Presby*, 5 Foster 303; 4 C. & H.'s Phil. Ev. 214; 2 Chit. Practice 307; 2 Howard 5; 1 Peters 340; 6 Barber 621; 10 do. 97; 9 Georgia 130; 9 Johns. 431; 4 Scammon 364.

The petitionee being no party to that judgment may impeach it collaterally. *Webster* v. *Reed*, 11 How. 437; *Downes* v. *Fuller*, 2 Met. 135; *Leonard* v. *Bryant*, 11 Met. 371; 8 Howard 424; 3 do. 750. And all proceedings founded upon that judgment are void. 4 Kent 436, note *a;* 4 C. & H.'s Phil. Ev. 792; *Smith* v. *Saxton*, 6 Pick. 486; *Downes* v. *Fuller*, 2 Met. 135; *Gilman* v. *Thompson*, 11 Vt. 643; *Leonard* v. *Bryant*, 11 Met. 371; 8 Mass. 87; 7 Metcalf 415; 5 Dane's

Eaton *v.* Badger.

Abr., chap. 146, art. 5 ; 8 Coke 94, *Manning's Case ;* Yelverton 179 ; 4 Cowen & Hill's Phil. 792.

II. Eaton has no seizin, for the extent was to Moore. *Peabody* v. *Tarbell,* 2 Cush. 226 ; 2 Cushing 496 ; 2 Greenl. 556 ; 2 Pick. 508 ; 7 Mass. 475 ; 4 Humphrey 96.

III. The mortgage is sufficient, for, rejecting the insensible part, the land can be identified. 2 Gr. Cruise T. 32, ch. 20, sec. 24, note ; 1 Greenl. Ev., sec. 300 ; Broom's Legal Maxims 397, 8, 476 ; *Drew* v. *Drew,* 8 Foster 497 ; *Jeffers* v. *Redcliff,* 10 N. H. 246 ; *Rider* v. *Hathaway,* 21 Pick. 300 ; *Vose* v. *Bradstreet,* 27 Me. 156 ; Story on Contracts, sec. 639, note ; 2 Parsons on Contracts 69, note 3 ; 12 Georgia 431 ; 24 Jurist 280 ; 1 Mason 12 ; 27 Maine 156 ; 4 Day 25 ; 2 Parsons on Con. 75 ; 20 Ct. 486 ; 23 Jurist 263.

Were it necessary, the mistake in the remainder of the description, being palpably clerical, can be corrected at law. 2 Smith's Leading Cases 295 ; Story Con., sec. 636 ; *Green* v. *Walker,* 37 Me. 26 ; *Brooks* v. *Redcliffe,* 11 Ind. 321, 11 D., 133, 83.

The ambiguity, if any, is merely latent, and may be and is explained by the evidence. 1 Gr. Ev., sec. 291, 301 ; Broom's Legal Maxims 391 ; *Greenleaf* v. *Hilton,* 11 N. H. 530 ; 24 Jurist 280 ; 2 Parsons' Cont. 69, note.

If the mortgage is valid, then —

1. Upham having entered for condition broken, Eaton has no seizin. *Call* v. *Baker,* 3 Fairfield 328 ; *Brown* v. *Brown,* 8 N. H. 95 ; 17 Mass. 419 ; 8 Mass. 552 ; 4 Shepley 124 ; Jackson on Real Actions 157.

2. Nor can he have partition against Badger, who is under Upham. *Call* v. *Baker,* 3 Fairfield 328.

3. Upham's deed passed the debt and mortgage. 1 Hill. Mort. 339 ; *Lamprey* v. *Nudd,* 9 Foster 304 ; *Hunt* v. *Hunt,* 14 Pick. 374 ; *Freeman* v. *McGreen,* 15 Pick. 82 ; 1 Hilliard on Mort. 338, 169, 170 ; 2 Sandford 325 ; 4 Foster 460 ; 34 Maine 300 ; 21 Alabama 497 ; 6 Mass. 234 ; 16 Mass. 31 ; 18 Penn. 394.

Were it held that Upham, not having entered, had no interest that he could convey, his entry and possession would give him an interest that might pass by deed. *Lamprey* v. *Nudd*, 9 Foster 304; *Ellison* v. *David*, 11 N. H. 284; 2 Foster 314; 8 Foster 333; 6 N. H. 50; do. 392; 5 N. H. 188; 2 Foster 517; *Lamprey* v. *Nudd*, 9 Foster 304; *Smith* v. *Smith*, 15 N. H. 55; *Weeks* v. *Badger*, 15 N. H. 149. And as nothing passed at the time by his deed to Hill, his subsequently acquired interest would pass by estoppel. *Bell* v. *Twilight*, 6 Foster 410; *Jackson* v. *Murray*, 12 Johns. 201; 5 N. H. 33; 1 Johnson's Cases 31; 13 Pick. 116; Co. Litt. 45, 47; Cro. Charles 110; 3 Fairfield 328; 5 Shepley 427.

And a mortgagor cannot have partition against his co-tenant who is mortgagee. *Fuller* v. *Bradley*, 21 Pick. 1.

FOWLER, J.* The first question in this case relates to the validity of the judgment against Horatio Hill, upon which the execution issued whereon the levy was made under which the petitioner claims title. If that judgment be void, the suit must fail.

It appears from the agreed statement of facts, that Horatio Hill resided without the State, being described in the writ as of the city of New-York; that there was no attachment of his property, and no service of the process upon him; that he never appeared in the suit, nor waived any of his rights, nor was ever in any way personally notified of the pendency of the action. Two trustees were summoned, one of whom was discharged without cost upon the back of the writ, probably before the entry of the action. The action was entered September term, 1838, and continued from term to term until March term, 1840, when the other trustee was discharged, and judgment rendered against the principal defendant, for debt and costs. The only pretence of notice to the principal is the publication of an order of notice in the New-Hampshire Statesman, in compliance with an order of court at the September term, 1838.

---

* Chief Justice PERLEY, having been of counsel, did not sit.

The writ against Hill was commenced and prosecuted solely under the provisions of the act of July 3, 1829, entitled " An Act directing the proceedings against trustees of debtors," in force at the time. Laws of 1830, page 499. The first section of that act provides that where any person has in his possession money, goods, chattels, rights or credits of any debtor, he " shall be deemed and taken to be the trustee of such debtor," and process may issue against him as prescribed in the act. If the principal debtor be not an inhabitant of this State, and no personal service he made on him, the subsequent proceedings shall be the same as provided in other cases against defendants not inhabitants or residents of the State where property has been attached and no personal service made. One of these modes was by the publication of a notice in some newspaper printed in this State. Laws of 1830, page 93, sec. 14.

It is apparent, from the phraseology of this section, that where the debtor is not an inhabitant of this State, and no property is attached on the writ, and no personal service is made on him, the validity of the entire proceedings by trustee process, and the jurisdiction of the court itself, is made to depend on the fact whether or not the alleged trustee has the money, goods, chattels, rights or credits of such debtor in his possession. That fact is essential to give the court jurisdiction, when there is no service on the debtor, if no property be attached. The process is authorized only upon condition that the trustee has the funds of the debtor in his possession. If there be nothing in his hands, and no service of process upon the debtor, there is no. subject matter on which the jurisdiction of the court may be exercised, and it would follow as a matter of course that the proceedings must fail. This would be the necessary consequence, were there no other or further provisions upon the subject. But, as if to remove all possibility of doubt, the 5th section of the act of 1829 expressly provides that if there shall be found to have been nothing in the hands of the supposed trustee, he shall have judgment for his costs, " and no further proceedings upon such process shall be had against the principal debtor, unless

such debtor shall have been duly served with such process, or shall have actually appeared and answered in such suit." Hill never actually appeared and answered in the case before us, and there can be no pretence that he was ever duly served with the process. Those words have a clear, well-defined and well-understood meaning, applicable only to the service of process in some mode prescribed by statute, entirely independent of the exceptional cases of notice ordered by the court.

The judgment against Hill in the original suit, then, under a levy upon the execution issuing, in which the petitioner claims title, was not only rendered without any jurisdiction of the person or property of the defendant—which fact is apparent on the face of the record, and therefore void to all intents and purposes, as being illegal and wholly unauthorized — but it was rendered in express violation of the positive enactment of the very statute under which all the proceedings were had. It was not only unauthorized by law, but rendered in violation of its express provisions. Such a judgment is utterly void, a mere nullity. It is void against every body and for every purpose.

If judicial tribunals proceed to act in cases to which their authority does not extend, their proceedings are merely and absolutely void. Their want of legal authority cannot be supplied. *State* v. *Richmond*, 6 Foster 240, and authorities.

A judgment rendered by a court which has not jurisdiction, is entirely void, and may be impeached collaterally or otherwise. To such a judgment, the principle that where proceedings have been regularly commenced before a court of competent jurisdiction, they are to be regarded as valid until they are reversed or set aside on motion, if irregular, or on error or appeal, if erroneous, has no application. *Morse* v. *Presby*, 5 Foster 303, and authorities there cited.

Where a court of general jurisdiction has special and summary powers and proceedings wholly derived from statutes, not exercised according to the course of the common law, and which do not belong to it as a common law court of general jurisdiction, its judgments are to be regarded and treated like those of

courts of limited and special jurisdiction, and everything neces-
sary to give jurisdiction must appear by the record, while every-
thing will be presumed to be without the jurisdiction which does
not distinctly appear by the record to be within it. *Morse* v.
*Presby,* 5 Foster 302.

If a court act without authority, its judgments and orders are
regarded as nullities. They are not voidable, but simply void,
and form no bar to a recovery sought, even prior to a reversal,
in opposition to them, nor any foundation for a title claimed
under them. They constitute no justification, and all persons
concerned in executing such judgments or sentences are consid-
ered in law trespassers. This distinction runs through all the
cases on the subject, and it proves that the jurisdiction of any
court exercising authority over a subject, may be inquired into
in every other court where the proceedings of the former are
relied on and brought before the latter by the party claiming the
benefit of such proceedings. *Elliot & als.* v. *Piersol & als.,* 1
Peters 340. See, also, 5 Peters 758 ; 13 Peters 511 ; 3 How-
ard 762 ; *Webster* v. *Reid,* 11 Howard 451, 452, and author-
ities cited.

The judgment being void, the levy and all the proceedings
under it are void likewise, upon general and familiar principles.
4 Kent's Com. 436, n. *a ;* 4 Cowen & Hill's Phil. Ev. 792, and
authorities ; *Smith* v. *Saxton,* 6 Pick. 487 ; *Downs* v. *Fuller,* 2
Metcalf 135 ; *Leonard* v. *Bryant,* 11 Metcalf 372.

The judgement and levy, therefore, upon which alone the pe-
titioner relies to maintain his title, proving to be mere nullities,
his claim to the premises described in the petition utterly fails,
and it is wholly unnecessary and would be a work of superero-
gation to discuss and decide the many other ingeniously argued
questions that might have arisen, had the petitioner established
any foundation upon which to stand. The petitionee, being in
possession of the premises, is not bound to show any better title
until some valid claim is brought against him.

*Petition dismissed.*