## CARLETON *v.* WASHINGTON INSURANCE COMPANY.

In proceedings under the trustee process against absent debtors, the record must show a strict compliance with the order of notice to the principal defendant, or the judgment rendered against him will be irregular, and liable to be reversed on error, although there may be funds in the hands of the trustee.

In such proceedings, the entire authority and jurisdiction of the court depend upon the existence within the State of a subject matter on which its jurisdiction may be exercised ; and if there be nothing in the hands of the assumed trustee, or nothing which can be reached by the process, no valid judgment can be rendered against the principal defendant unless his property has been attached, or he has been duly served with process, or has appeared and answered in the suit.

Such judgment, if rendered, is absolutely void ; a mere nullity ; and will not sustain an action of debt brought upon it.

DEBT upon a judgment recovered at the Court of Common Pleas for the County of Coös, at the May term, 1854.

The suit in which said judgment was rendered was a trustee

suit, and Hiram A. Fletcher, the trustee, was indebted to said company in the sum of three dollars and twenty-five cents, and his fees as trustee in said suit amounted to a larger sum than that, and no service was made of the writ in said original suit, but upon said Fletcher as trustee. Said insurance company was incorporated under the laws of the State of New-York, and located in Granville, in that State.

In said suit the court ordered that notice should be given to said company, by an attested copy of the writ and order of said court thereon.

A copy of said writ and order was made out and attested by the clerk of said court, and a copy thereof, including said attestation, was made and served on said company, but said copy so served was not attested by any one, and contained no original signature attesting the same. Said copy was served by its being delivered at said Granville by an individual, not an officer, to H. Newcomb Graves, a director and general agent of said company. There were a president, secretary, and other officers of said company at their office, in said Granville.

This case was submitted to the court upon the above agreed statement of facts, May term, 1856. If the court was of the opinion that the said judgment was invalid, then judgment was to be rendered in this suit for the defendant; otherwise the defendant was to make such plea and defence in this suit as may be held just and legal by the court.

The following is a copy of the return made upon said order of notice :

*State of New-York, County of Washington ss.*

Oscar F. Thompson, of the town of Granville, in said County, being duly sworn, deposes and says that on the fifteenth day of September, A. D. 1853, he served upon the Washington County Mutual Insurance Company, the within named defendant — writ and the indorsement, and the above order, by delivering to H. Newcomb Graves, who is one of the directors, and is also general agent of said company, personally, a true copy of the within writ, with the return and indorsement thereon, and also a true

copy of the above order endorsed thereon, which copies of said writ and order the deponent so served at the town of Granville' aforesaid, and then and there left such copies with said H. Newcomb Graves, and that said Graves is the general agent and a director of said insurance company, and that the deponent is a disinterested person and has no interest in said suit.

O. F. THOMPSON.

Subscribed and sworn to before me, this 15th day of September, 1853.          A. T. BURDICK, *Justice of the Peace.*

Fees and expenses for copy, serving and swearing to same, $1.25.

*Flint & Bryant,* for the defendant.

A judgment rendered by a court not having jurisdiction of the parties is a mere nullity, and void everywhere. *Rangely* v. *Webster,* 11 N. H. 299 ; *State* v. *Richmond,* 6 Foster 241 ; *Kilburn* v. *Woodworth,* 5 Johns. 37, 41 ; *Fenton* v. *Garlick,* 8 Johns. 195 ; *Bradshaw* v. *Heath,* 13 Wend. 402 ; *Thurber* v. *Wendell,* 7 N. H. 257 ; *Bissell* v. *Briggs,* 9 Mass. 468 ; *Elliott* v. *Peirsall,* 1 Peters 328–340.

The defendant, being out of the State, and no service being made on him in this State, the court had no jurisdiction of the defendant. *Downer* v. *Shaw,* 2 Foster 277.

If notice had been properly given to the company, the court would have had such jurisdiction of the property as would have bound that, and the judgment as a foundation for an execution against this property would have been valid but no further, only *in rem,* and so far as the property attached was concerned. But the defendant not being in this State, the court had no jurisdiction of the person of the defendant, and could not, by going abroad and making service on it, acquire any ; and so far as binding the defendant in a subsequent suit, or in any manner ; but so far as the property is concerned, this judgment is a mere nullity.

When the defendant is out of the State and his property attached, and no service on him in this State, the judgment,

though valid to hold the property attached, is void for every other purpose. If the court had no jurisdiction of the person of the defendant, the judgment will not be valid to sustain a subsequent suit. *Gleason* v. *Dodd*, 4 Met. 333, 338 ; *Bissell* v. *Briggs*, 9 Mass. 468, 469 ; Oliver's Precedents 525 ; *Downer* v. *Shaw*, 2 Foster 280.

It is not necessary to reverse this judgment on a writ of error, for such a judgment may be good to hold the property attached, and so not reversible, but void for every other purpose.

But inasmuch as there were no funds in the hands of the trustee, over his fees, or which the plaintiff could apply in satisfaction of his judgment, there was no foundation for any judgment, and the judgment is merely void.

But the order of the court for notice to the defendant never was complied with, as no attested copy was served, and for this reason the judgment is void. *Rangely* v. *Webster*, 11 N. H. 299.

This judgment would be void if sued in any other State. Then, except so far as to hold the property attached in the original suit over which the court had jurisdiction, this judgment must be held to be void in this State, otherwise it would not have " such faith and credit" given to it in other States as in this.

*Burns & Fletcher*, (with whom was *D. Allen Rogers*,) for the plaintiff, contended that the judgment declared on was valid until reversed by writ of error, although no property was attached upon the writ, or in the hands of the trustee ; that the court would take it for granted that the judgment was good, and not look behind it to see if it was well founded.

FOWLER, J. By the last clause of the thirtieth section of the 208th chapter of the Revised Statutes, relating to trustee process, it is provided that "no judgment shall be rendered against the trustee or against the principal defendant upon such process, unless such defendant has been duly summoned or notified of such suit." Had the principal defendant in the case

Carleton *v.* Washington Insurance Co.

before us been duly summoned or notified of the pendency of the original suit, prior to the rendition of judgment therein? Clearly not. The order of court was, that the defendant should be served with an attested copy of the writ and order. The copy served was not thus attested, and contained no original signature verifying its correctness. This was not a compliance with the terms of the order; and as there was no appearance, or any thing which could be construed as a waiver of notice, it was manifestly insufficient to meet the requirements of the statute.

It is wholly immaterial that there was a substantial accomplishment of the object of the order. The party, on reading the copy left, when he perceived that it was not attested must at once have understood that it was not complied with, and that therefore he was under no legal obligation to appear. To have justified the court in rendering judgment against either the trustee or the principal defendant, the record must have shown a strict and literal compliance with the order. This it did not do, and therefore the judgment was irregular, erroneous, and voidable upon proper proceedings had by the party against whom it was rendered. But, having been rendered in proceedings according to the course of the common law, by a common law court of general jurisdiction, although many matters incidental thereto were regulated by and dependent upon statutes, the want of notice did not render that judgment absolutely void; a mere nullity. As against the defendant, it must be holden valid so far as notice is concerned, until reversed; the presumption in such case being that the court has proceeded regularly, until its proceedings are reversed.

But we think the former judgment was invalid for another reason.

Where, as in proceedings under trustee process against absent debtors, the entire authority and jurisdiction of the court depend upon the existence within the State of a subject matter over which its jurisdiction may be exercised, if that subject matter be wanting, have no existence, although the court be one of general jurisdiction, its proceedings are as clearly invalid as if they had

taken place in a court of limited and special jurisdiction, that had not conformed to those prerequisites essential to render its doings valid. Its proceedings stand on the same footing as though they had arisen contrary to the course of the common law, in a matter not within its jurisdiction as a common law court, but while acting under special and summary powers wholly derived from statutes. And it is well settled that the judgments of a court of general jurisdiction while thus acting are open to examination, and every thing necessary to give jurisdiction must appear of record, while every thing will be presumed to be without the jurisdiction which does not distinctly appear by the record to be within it. *Morse* v. *Presby*, 5 Foster 302, and authorities.

It is equally well settled that if any court exceeds its jurisdiction and acts without authority, its judgments and orders are mere nullities, not voidable only, but simply void. *State* v. *Richmond*, 6 Foster 246; *Morse* v. *Presby*, 5 Foster 302; *Webster* v. *Reid*, 11 Howard (U. S.) 451–2; *Smith* v. *Knowlton*, 11 N. H. 198; *Downer* v. *Shaw*, 2 Foster 280; *Eaton* v. *Badger*, 33 N. H. 228.

Now, proceedings under the trustee process against absent debtors, upon whom there is no service of process, rest entirely upon the fact assumed in their inception, that the person summoned as trustee has in his hands property, rights or credits of the absent debtor. The debtor himself being beyond the jurisdiction of the court, if he has no property or funds in the possession of the trustee, it is manifest no valid proceedings can be had against him, for the simple reason that there is nothing in the State which can furnish or be the subject of any exercise of the jurisdiction of the court. Hence in the act of July 3, 1829, sec. 5, (Laws of 1830, p. 501,) it was expressly enacted that if nothing were found in the hands of the trustee, no further proceedings on such process should be had against the principal debtor, unless such debtor should have been duly served with such process, or should have actually appeared and answered in the suit. This clause, which only declared what, on familiar principles, must be the inevitable result at common law, was undoubtedly

omitted as superfluous on the revision of the statutes in 1842, for that reason. But the principle remains, and we think there can be no doubt that, under the existing statute, if nothing be found in the hands of the trustee no valid judgment can be rendered against an absent debtor, unless his property has been attached, or he has been duly served with process, or has appeared and answered in the suit. *Eaton* v. *Badger*, before cited.

The case before us finds that there was in the hands of the trustee in the original suit the sum of three dollars and twenty-five cents only, less than the amount of the fees to which he was legally entitled before he could be properly charged as trustee in the action, and that the principal debtor was never served with process, and never appeared in the suit. It is impossible to conceive upon what sound reasoning it can be urged that where there is less than enough in the trustee's hands to pay his own costs — where there is nothing whatever which can by possibility be reached by the process — there is any better cause for the rendition of a judgment against the principal defendant, than if there had been absolutely nothing in the trustee's hands. The practical result is the same. The whole object and purpose of the proceeding are alike defeated in both cases. The single end aimed at by the statute in authorizing the process is an appropriation of the property, rights and credits of absent debtors, in the possession of third persons here, to the payment of debts outstanding against them. It is in its nature a proceeding *in rem*, and where there is no subject matter on which it may operate the whole proceeding necessarily falls. Nor does it any the less fail, where *the subject* matter on which it was designed to operate is so trifling that it cannot be reached. And we are of opinion that where the fund in the hands of the trustee is so small as necessarily to be wholly absorbed by his fees, there is, within the fair intent and meaning of the law, nothing in his hands ; and the whole proceeding must terminate, unless jurisdiction of the debtor's person has been in some way acquired. To sustain any other position would be as untenable as to contend that the nominal attachment of a chip, a stick or a hat, was a sufficient attachment of an absent

debtor's property to authorize the court, upon a continuance of the action and the publication of an order of notice, to render a valid judgment against him; the only distinction being that the *nominal* character of the transaction is apparent from the very commencement of the proceedings in one instance, while in the other it does not become manifest until after litigation, more or less protracted, at the expense and behind the back of an absent defendant, not amenable to process here—a distinction with no other *material* difference than that the chances for the accumulation of a large bill of costs are much greater under trustee than under ordinary process.

There having, then, practically and for all the purposes for which trustee process is authorized, been nothing in the hands of the person summoned as trustee in the original suit, no property attached otherwise, and no service upon or appearance by the principal defendant, there was never anything to give the court jurisdiction in rendering the judgment declared upon in the present suit; consequently that judgment was void—a mere nullity —and constitutes no foundation for an action of debt.

According to the agreement of the parties there must be

*Judgment for the defendant.*